UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSEPH L.,

           Plaintiff,

    v.

FRANK BISIGNANO, *Commissioner of Social Security*,

           Defendant.

**MEMORANDUM & ORDER**
2:25-CV-00915 (HG)

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff Joseph L.[1] seeks judicial review of the Commissioner of the Social Security Administration's ("SSA") final decision denying his application for disability insurance benefits ("DIB"). *See* ECF No. 1 (Complaint; "Compl."). The Court assumes the parties' familiarity with the record and writes only as necessary to explain the basis for its decision. In this case, the Court has, as is required, "conduct[ed] a plenary review of the administrative record" in order to determine "whether the ALJ [Administrative Law Judge] applied the correct legal standards and whether the ALJ's determination is supported by substantial evidence." *Rucker v. Kijakazi*, 48 F.4th 86, 90–91 (2d Cir. 2022). In contrast to the "very deferential" standard of review applicable to evidentiary challenges, *see Schillo v. Kijakazi*, 31 F.4th 64, 74 (2d Cir. 2022), "[f]ailure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations," *Kohler v. Astrue*, 546 F.3d 260,

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States. The Clerk of Court has modified the docket to reflect Plaintiff's abbreviated name.

265 (2d Cir. 2008).  In this case, for the reasons set forth below, Plaintiff's motion is GRANTED and Defendant's motion is DENIED.

As is well-established, ALJs must employ a "five-step sequential evaluation process" to determine whether a claimant is disabled, proceeding through each step until a determination can be reached.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  At step four, the ALJ evaluates the claimant's past relevant work and residual functional capacity ("RFC"), defined as "the most [the claimant] can still do despite [his] limitations."  *Id.* § 404.1545(a)(1); *see id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  Here, based on the vocational expert's testimony, the ALJ concluded at step four that Plaintiff's RFC allowed him to perform his past relevant work at the medium exertional level.  ECF No. 6 at 17–18 (Administrative Record; "AR").[2]  The ALJ ended his analysis at step four and concluded Plaintiff was not disabled during the relevant period from January 1, 2021, the alleged onset date, to December 31, 2021, the date last insured ("the Relevant Period").  *Id.* at 24.

Before an ALJ classifies a claimant's RFC based on exertional levels of work (*i.e.*, whether the claimant can perform sedentary, light, medium, heavy, or very heavy work), he "must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945."  SSR 96–8p, 1996 WL 374184, at *1 (July 2, 1996).  The functions include physical abilities such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions; and other abilities that may be affected by

---

[2] Citations to ECF cite to the pages assigned by the Electronic Case Files System. Citations to AR cite to the pages assigned by the Administrative Record.  Unless otherwise indicated, when quoting cases, the parties' papers, and the AR, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations and normalizes all capitalization.

2

impairments, such as seeing, hearing, and the ability to tolerate environmental factors. *See id.* at *5–6; 20 C.F.R. §§ 404.1545, 416.945. "The ALJ must also discuss the claimant's ability to perform these functions in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record." 1996 WL 374184, at *7.

Notably, the Second Circuit has made it clear that "remand is not necessary merely because an explicit function-by-function analysis was not performed," where "an ALJ's analysis at [s]tep [f]our regarding a claimant's functional limitations and restrictions affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence such that additional analysis would be unnecessary or superfluous." *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). However, "remand may be appropriate," "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.*

Here, the ALJ failed to assess Plaintiff's ability to perform any of the relevant functions, let alone on a "regular and continuing" basis. The closest thing in the ALJ's decision to a function-by-function assessment is a one-sentence conclusion stating that "the claimant has severe rheumatoid arthritis and polymyalgia rheumatica that could be expected to limit his ability to lift and carry weights, to perform postural maneuvers, and to perform handling, fingering, and feeling." AR at 17. Beyond this vague statement, the decision contains no discussion of Plaintiff's ability to perform the relevant limitations as required by the regulations, such as standing, lifting, and the ability to tolerate environmental factors, and certainly does not explain

3

why Plaintiff's abilities in these areas enable him to meet the demands of "medium work." *Cf. Cichocki*, 729 F.3d at 178 (finding that the ALJ did not err by failing to include "an explicit function-by-function analysis of all possible limitations," where, unlike here, the ALJ addressed "all relevant limitations" and supported the RFC determination with substantial evidence); *see also Amrod v. Comm'r of Soc. Sec.*, No. 08-cv-464, 2010 WL 55934, at *17 (N.D.N.Y. Jan. 05, 2010) ("When making an RFC determination, an ALJ must specify those functions which the claimant is capable of performing; conclusory statements concerning his or her capabilities, however, will not suffice.").

  Because the ALJ failed to assess Plaintiff's exertional and postural abilities on a function-by-function basis, his RFC determination cannot be upheld by this Court. *See Brown v. Barnhart*, No. 01-cv-2962, 2002 WL 603044, at *5–6 (E.D.N.Y. Apr. 15, 2002) (holding that ALJ's RFC findings were inadequate because he did not evaluate the claimant's abilities on a "function-by-function" basis, or assess claimant's capacity to work on a "regular and continuing" basis).

  The Court has the power to remand this action to the SSA *sua sponte*, even though Plaintiff did not raise the basis for remand on which the Court relies. *See, e.g., Camevale v. Gardner*, 393 F.2d 889, 891 n. 1 (2d Cir.1968); *Gjeci v. Comm'r of Soc. Sec.*, No. 13-cv-6539, 2014 WL 3408263, at *8 (S.D.N.Y. July 7, 2014) (the court remanded *sua sponte* "notwithstanding the fact plaintiff did not file her own motion for judgment on the pleadings"); *Clark v. Callahan*, No. 96-cv-3020, 1998 WL 512956, at*1 (S.D.N.Y. Aug. 17, 1998) ("Although 'a remand request is normally made by a party, there is no reason why a court may not order the remand *sua sponte*.'" (quoting *Igonia v. Califano*, 568 F.2d 1383, 1387 (D.C.Cir.1977))).

In this case, although Plaintiff did not raise a function-by-function assessment argument in his motion, the Court finds that the ALJ's decision fails to include such an assessment in evaluating Plaintiff's RFC. Accordingly, the Court REMANDS the case to the SSA for a proper function-by-function assessment. *See Hilsdorf v. Comm'r of Soc. Sec.*, 724 F. Supp. 2d 330, 349 (E.D.N.Y. 2010).

## **CONCLUSION**

For the reasons set forth above, Plaintiff's motion for judgment on the pleadings, ECF No. 8, is GRANTED, and Defendant's motion, ECF No. 9, is DENIED. This case is remanded to the SSA for further proceedings consistent with this Order. The Clerk of Court is respectfully directed to enter judgment consistent with this decision and to close this case.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
October 22, 2025